[Crim. No. 2581. Second Appellate District, Division Two.—October 3, 1934.]

THE PEOPLE, Respondent, v. FORREST POWELL et al., Appellants.

George E. Cloud and W. C. Dalzell for Appellants.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendants were convicted by the court without a jury of attempted extortion. In this appeal from the judgment they contend that both the information and the evidence are insufficient.

The information charged that defendants attempted to wrongfully obtain a sum of money from three individuals by threatening to accuse two of them of a crime. The nature of the crime of which they threatened to accuse the victims is not set out in the information. Section 519 of the Penal Code declares: "Fear, such as will constitute extortion, may be induced by a threat . . . (subd. 2) to accuse him . . . of any crime." Since the accusation of *any* crime is sufficient under the section cited, the failure of the information to set out the precise offense in question is at the most one of uncertainty and does not go to the sufficiency of the information as stating a public offense.

Appellants were police officers of the city of Beverly Hills. The alleged victims were Irl Fewell, L. R. Pilkington and Joe Summers. The testimony shows that appellant Powell called Fewell and told him "he had a federal officer that knew of a plant running near Beaumont" and arranged to have Pilkington meet appellant Walker, who was known as "Ross" and who represented himself to be a federal officer. Walker demanded $1500 from Fewell and Summers, stating that he had "trailed some liquor trucks into a plant at Beaumont" and "it is going to be knocked over if I don't get the money". Later, Pilkington, within view of two Los Angeles police officers, met Walker and handed him a roll

of bills which was taken from the latter's pocket after his arrest.

Appellants profess uncertainty as to the meaning of the terms "plant" and "knock over", even when used with the context as in this case. It may be announced as an established principle of law that the trial court may properly take judicial notice of the meaning of terms which are used with colloquial application by persons of the criminal class, and it is not restricted to academic definitions which would render absurd a transaction or conversation and artificially defeat the ends of justice. "Courts take judicial notice of . . . (subd. 1) the *true* significance of all English words and phrases." (Code Civ. Proc., sec. 1875.) The court in *Vaccaro* v. *Collier*, 38 Fed. (2d) 862, at page 869, recognized this rule when it remarked: " . . . the phrase 'knock off' being the vernacular for 'arrest' in common use among Canadian and United States government officials in dealing with the criminal class generally." In the instant case the language employed supports the determination by the trial court that defendants were attempting to extort money from the persons named by threatening to accuse them of a crime, and the judgment will not be disturbed even though the dealings between accused and the parties were conducted informally and lacked somewhat in legal precision and detail.

Judgment affirmed.

Stephens, P. J., and Desmond, J., concurred.